## In re Seitz

*Harold R. Prowell*, for petitioner.

*Marshall H. Dean* and *James Logan*, for trustee.

Fox, J., November 22, 1937.—We have before us a rule to show cause why the trustee durante absentia should not pay the indebtedness claimed by the petitioner, to wit, the sum of $345.25.

The substance of the petition is, that petitioner (a funeral director) is a corporation with its principal place of business in the City of Harrisburg, and that on April 24, 1925, Florence Ditmer Seitz contracted on her own credit and responsibility for the burial of her mother, Mary Ann Ditmer, and agreed to pay petitioner for the same the sum of $340.25, within two years from the said date; that the said Florence Ditmer Seitz had her last known residence in Edgemont, Dauphin County, and in the month of April 1925 departed from this State by automobile to Cedar Rapids, Iowa, and that she has not returned to the State of Pennsylvania, nor has any information concerning her whereabouts come to the attention of petitioner and that on June 24, 1932, this court appointed a trustee durante absentia.

To this petition an answer was filed by the trustee aforesaid in which he in substance states that he has no knowledge of the averments set out in the petition, but contends that even if they are true, more than six years having elapsed from the time of the said purchase and more than six years since the maturity of payment of the same, therefore, petitioner is barred by the statute of limitations; that he has heard nothing from the said Florence Ditmer Seitz and has not learned of her whereabouts.

Testimony was taken on July 18, 1937, the substance of which is that Florence Ditmer Seitz on April 24, 1925, did contract with petitioner for the funeral expenses of her mother, for which petitioner was to be paid the sum of $340.25, payable in monthly instalments of five or ten dollars, but that she never paid anything nor communicated with the petitioner; that she has moved from her former residence and her whereabouts are unknown; that she had written a letter from Racine, Wis., which the witness saw, and he wrote her a letter addressed to the general delivery in Racine, but never received any communication from her; that he communicated through

the National Select Morticians in an endeavor to locate her, but he has not been able to do so.

The record of the hearing upon petition for the appointment of a trustee durante absentia, which this court held upon June 24, 1932, was offered in evidence by petitioner but an examination of that does not disclose the whereabouts of the said Florence Ditmer Seitz.

The trustee admits that he has in his possession sufficient money and more to pay the bill.

The question before us is, does the statute of limitations run in this case?

Petitioner contends that Florence Ditmer Seitz is not a resident of Pennsylvania, and therefore the statute of limitations does not run. If she is a resident, the statute runs against the claim of petitioner. We think it is incumbent upon petitioner to show that she does not reside in Pennsylvania; all that is shown is that she did reside here in 1925, went by automobile to Racine, Wis., leaving personal property behind and has not returned to her former domicile in Edgemont and was not to be found in Racine. We cannot presume that she did not return to Pennsylvania. It was her State of abode; she cannot elsewhere be found; and, this being an affirmative defense against the running of the statute of limitations, the burden is upon petitioner to show that she is not a resident of Pennsylvania. This has not been done. Adequate and reasonable search has not been shown.

The Act of April 27, 1927, P. L. 425, relating to presumed decedents, provides a method for one interested in having persons unheard of for seven years or more declared to be dead.

By the Act of June 7, 1917, P. L. 447, relating to fiduciaries, a method is provided for the appointment of an administrator who is to administer the estate in the same manner and with the same effect as the same would be administered under existing laws of the Commonwealth if the presumed decedent were in fact dead. This imports, among other things, the right of creditors to have pre-

sumed decedents declared dead, administrators appointed, and to make their claims against the administrator.

Petitioner, therefore, had a method for the presentation of its claim and payment thereof. Petitioner failed to take advantage of this provision of the law.

Wherefore, we are of the opinion that the statute of limitations must be applied in this case.

And now, November 22, 1937, upon due consideration, it is hereby ordered, adjudged and decreed that the rule is discharged.